**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kenneth A. Hinton
R17746-016
Petersburg Medium Federal Correctional Institution
Inmate Mail/Parcels
PO Box 90043
Petersburg, VA 23804-9003

Plaintiff,

v.

Civil No. ____________________

Corrections Corporation of America
Correctional Treatment Facility
1901 E Street, SE
Washington, DC 20003

and

Corrections Corporation of America
10 Burton Hills Boulevard
Nashville, TN 37215

Defendants.

**NOTICE OF REMOVAL**

Defendants Corrections Corporation of America jointly, through counsel, pursuant to Rule 81(c), Fed.R.Civ.P., hereby notice the removal of the above-captioned case from the Superior Court of the District of Columbia, filed under Cause No. 2008 CA 002347 B, to this Court and in support thereof assert:

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed pursuant to 28 U.S.C. § 1441(b) because it is based on allegations of violations of the United States Constitution and 42 U.S.C. § 1983, and because the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum.

This Notice of Removal is being filed within thirty (30) days after initial receipt of the

Complaint and is timely filed under 28 U.S.C. § 1446(b).

The time for which Defendants Corrections Corporation of America have to remove this case with respect to the Complaint has not expired.

A Notice of Filing Notice of Removal in Federal Court, a true and correct copy of which is attached as Exhibit A, has been filed in the Superior Court of the District of Columbia on behalf of Defendants.

A copy of the filings in the Superior Court of the District of Columbia is attached hereto as Exhibit B.

WHEREFORE, Defendants respectfully request that the above action now pending in the Superior Court of the District of Columbia be removed to this Court.

Dated: April 16, 2008

By: ______________________________

Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036-5652
Telephone: (202) 310-5500
Facsimile: (202) 310-5555
pjm@carrmaloney.com
mdb@carrmaloney.com

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
Telephone: (602) 263-1700
Facsimile: (602) 263-1784
dstruck@jshfirm.com
jholsman@jshfirm.com

*Attorneys for Defendants Corrections Corporation of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2008, a copy of the foregoing *Notice of Removal* was served by First Class U.S. Mail on the following parties:

Kenneth A. Hinton
R17746-016
Petersburg Medium Federal Correctional Institution
Inmate Mail/Parcels
PO Box 90043
Petersburg, VA 23804-9003
*Plaintiff Pro Se*

Daniel P. Struck
Jennifer L. Holsman
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
*Attorneys for Defendants Corrections Corporation of America*

Paul J. Maloney



1899734.1

# EXHIBIT A

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Kenneth A. Hinton,<br><br>Plaintiff,<br><br>v.<br><br>Corrections Corporation of America<br>[Correctional Treatment Facility<br>Washington, DC]<br><br>and<br><br>Corrections Corporation of America<br>[Company Headquarters<br>Nashville, TN],<br><br>Defendants. | C.A. No. 2008 CA 002347 B<br>Judge: Honorable Judith E. Retchin<br>e-Filed Case<br>Next Event: Initial Conference:<br>Friday, June 27, 2008<br>9:30 a.m. |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendants Corrections Corporation of America jointly, through counsel and pursuant to 28 U.S.C. § 1441 et seq., notify this Court that they have filed a Notice of Removal of this action to the United States District Court for the District of Columbia. A copy of the Notice of Removal filed in the United States District Court is attached as Exhibit A.

Dated: April 16, 2008

By: /s/ Paul J. Maloney

Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036-5652
Telephone: (202) 310-5500
Facsimile: (202) 310-5555
pjm@carrmaloney.com
mdb@carrmaloney.com

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
Telephone: (602) 263-1700
Facsimile: (602) 263-1784
dstruck@jshfirm.com
jholsman@jshfirm.com

*Attorneys for Defendants Corrections Corporation of America*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 16, 2008, a copy of the foregoing *Notice of Filing Notice of Removal* was electronically filed and served, by First Class U.S. Mail, on the following parties:

Kenneth A. Hinton
R17746-016
Petersburg Medium Federal Correctional Institution
Inmate Mail/Parcels
PO Box 90043
Petersburg, VA 23804-9003
*Plaintiff Pro Se*

Daniel P. Struck
Jennifer L. Holsman
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
*Attorneys for Defendants Corrections Corporation of America*

/s/ Paul J. Maloney
Paul J. Maloney

# EXHIBIT B

2008 CA 002347 B HINTON, KENNETH A Vs. CORRECTIONS CORPORATION OF AMERICA (CCA)

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/19/2008 | **Case Status** | Open | **Case Status Date** | 03/19/2008 |
| | | **Case Disposition** | Undisposed | **Case Disposition Date** | |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| HINTON, KENNETH A | | PLAINTIFF | PRO SE | |
| CORRECTIONS CORPORATION OF AMERICA (CCA) | | Defendant | | |
| CORRECTIONS CORPORATION OF AMERICA | | Defendant | | |

## Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 06/27/2008 | 09:30 AM | Initial Scheduling Conference-60 | |

## Docket Entries

| Date | Text |
|---|---|
| 03/21/2008 | Issue Date: 03/21/2008 Service: Summons Issued Method: Service Issued Cost Per: $ CORRECTIONS CORPORATION OF AMERICA (CCA) 1901 E Street SE WASHINGTON, DC 20003 Tracking No: 5000045869 CORRECTIONS CORPORATION OF AMERICA 10 Burton Hills Blvd Nashville, TN 37205 Tracking No: 5000045870 |
| 03/20/2008 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Correction Corporation of America (CCA)- serving John Caulfield by the Clerk Pursuant to SCR 54-II this date: March 20, 2008. KENNETH A. HINTON (PLAINTIFF); |
| 03/20/2008 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Correction Corporation of America (CCA)- serving CT Corporation System by the Clerk Pursuant to SCR 54-II this date: March 20, 2008. KENNETH A. HINTON (PLAINTIFF); |
| 03/20/2008 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Wertheim on March 19, 2008 and Entered on the Docket March 20, 2008. |
| 03/20/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 06/27/2008 Time: 9:30 am Judge: RETCHIN, JUDITH E Location: Courtroom 316 |
| 03/19/2008 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) KENNETH A. HINTON (PLAINTIFF); |
| 03/19/2008 | Complaint for Negligence Filed |

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Kenneth A. Hinton
P.O. Box 90043
Petersburg, VA 23804
c/o 17746016

*Plaintiff*

vs.

Civil Action No. 0002347-08

CORRECTIONS CORPORATION OF AMERICA ("CCA"), et al
1901 E Street SE
Washington, D.C. 20003
Serve: John Caulfield, Warden

Corrections Corporation of America
10 Burton Hills Blvd
Nashville, TN 37215
Serve: CT Corporations System

*Defendants*

RECEIVED
Civil Clerk's Office
MAR 19 2008
Superior Court of the District of Columbia
Washington, D.C.

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Pursuant to the attached affidavit/declaration of the Plaintiff. The Plaintiff hereby submits his complaint for the following cause of actions arising from the Defendant ("CCA")/("CTF") negligence, deliberate indifference, breach of care and duty, bad faith regarding the Plaintiff's personal injuries he encountered and suffered from as a proximate result of being unreasonably and unsafely exposed and infected with the "Superbug Bacteria" Methicillin Resistant Staphycoccus Aureoa (MRSA), from on or about May 20 to August 22, 2007.

(see attached Exhibit A, Affidavit/Declaration of Plaintiff)

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 250,000.00 with interest and costs.

703/989-0178
Phone:

District of Columbia, ss

Kenneth A. Hinton, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

(Plaintiff Agent)

Subscribed and sworn to before me this 21 day of February 2008.

My Commission Expires: 11-30-2009

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

Exhibit A

AFFIDAVIT/DECLARATION OF KENNETH A. HINTON
Pursuant to 28 U.S.C. 1746, et seq.

RE: Kenneth A. Hinton v. Corrections Corporation of America

I hereby certify and declare that the foregoing is true and correct under penalty of perjury to the best of my knowledge and recollection.

From on or about May 20, 2007 I was detained and held in the custody of Corrections Corporation of America ("CCA") C2B housing unit.

From on or about May 28, 2007 until June 8 2007 I was housed on the C2b housing unit without being provided adequate and sufficient cleaning supplies, disinfectants or sanitation solvents as to were I could clean and sanitize my cell and the living area where I and other inmates congregated.

On numerous occassions from May 28, 2007 until August 22, 2007 I submitted numerous "Institutional Inmate Grievances" to the CCA/CTF staff and particulary to the attention of John Caulfield, Warden regarding the unhealthly, unsafe and unsanitary conditions for which I and other inmates were exposed to as a proximate result of not being provided requested cleaning supplies and disinfectants to clean our cells and unit, thus resulting in me being exposed to MRSA.

On or about May 30, 2007 I reported to the CCA/CTF medical staff that I was experiencing complications from a sore on my upper left thigh. I submitted numerous medical request via the institutional mail to be seen by a physician. My requests went unattended and I further encountered more severe complications of swelling and infectious discharge from my upper thigh. From on or about May 30th to June 8th I received no medical attention or medication to help alleviate my pain and suffereing, from "Methicillin Resistant Staphycoccus Aureoa".

On or about June 11, 2007 I was later diagnosed with having been infected and exposed to the "superbug bacteria" MRSA. I had to wait an additional week to receive the needed treatment to remove the MRSA due to the fact that CCA/CTF medical/health unit did not have the required scalpel's available to perform the requisite I&D (incision and discharge procedure).

As a proximate result of the delayed treatment I suffered with unreasonable pain, anxiety, insomnia, stress and trauma. I had to undergo extensive treatment which involved having my thigh packed with medication and sterile gauze for over five weeks. I was further still subjected to more exposure to MRSA due to ongoing non-responsive action of the CCA/CTF staff and officials inaction to remedy the deficiency of inadequate sanitation supplies being provided to me and other inmates.

At all times during this ordeal I notified the Warden, John Caulfield via "inmate request to staff" forms and grievances that were logged with the designated CCA/CTF Grievance Officer, Ms. Allen. Due to my transfer to FCC Petersburg from CCA/CTF I was not allowed to bring my "only copies" of such grievances with me.

Dated: August 31, 2007 Signed: [signature]
Kenneth A. Hinton

*MRSA - Methicillin Resistant Staphycoccus Aureoa
(a/k/a: The Superbug Bacteria)

# Sup[illegible] Court of the District of Columbia
## CIVIL DIVISION

KENNETH A. HINTON

Plaintiff

vs.

CORRECTIONS CORPORATIONOF AMERICA ("CCA")

Defendant

No. 0002347-08

FILED Civil Actions Branch MAR 19 2008 Superior Court of the District of Columbia

MOTION [illegible]

MOTION OF: Kenneth A. Hinton, Plaintiff for IN FORMA PAUPERIS

(State briefly what you want the Court to do) Plaintiff who is indigent hereby request and moves this Honorable Court to issue an order granting him a waiver of the requisite filing costs of his civil complaint against the defendant Corrections Corporation of America, for its negligence, et seq.

| | |
|---|---|
| Printed name: Kenneth A. Hinton | Signature: [signature] |
| Address: P.O. Box 90043 ~~Petersburg, VA 23804~~ c/o 17746016 | Home phone no. 703/989-0178 |
| | Business phone no. 703/989-0178 |

## CERTIFICATE OF SERVICE

On ______________, 20 08, I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| | |
|---|---|
| Name: | Name: |
| Address: | Address: |

Case: 2008 CA 002347 B

[signature]
Signature

## [P]OINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

Plaintiff who is indigent and unemployed seeks the grant of his request to have all filing fee costs waived due to his indigency and lack of requisite financial resources to defray such filing costs of his civil complaint against the defendant who has breached the plaintiff's rights as mentioned in his complaint.

[signature]
Signature

Form CV-[illegible]

# Superior Court of the District of Columbia
## CIVIL DIVISION

Kenneth A. Binton
*Plaintiff*

vs. Civil Action No. ______________

Corrections Corporation of America ("CCA")
*Defendant*

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1. Are you presently employed? Yes____ No xxx
   a. *If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.*

   ______________________________

   ______________________________

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

   12/19/05 $800.00 per month

   ______________________________

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or form of self-employment? Yes____ No xxx
   b. Rent payments, interest or dividends? Yes____ No xxx
   c. Pensions, annuities or life insurance payments? Yes____ No xxx
   d. Gifts or inheritance? Yes____ No xxx
   e. Any other sources? Yes____ No xxx

   If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

   ______________________________

   ______________________________

   ______________________________

   ______________________________

3. Do you own any cash, or do you have money in checking or savings account? Yes____ No xxx (Include any funds in prision accounts). If the answer is yes, state the total value of the items owned.

______________________________

______________________________

______________________________

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? Yes____ No xxx
If the answer is yes describe the property and state its approximate value.

______________________________

______________________________

______________________________

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

n/a

______________________________

______________________________

I have read and subscribed to the above and swear, under oath, that the information is true and correct. I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

______________________________
*(Plaintiff's signature)*

Kenneth A. Hinton, being first duly sworn under oath, presents that he has read and subscribed to the above and states that the information herein is true and correct.

______________________________
*(Plaintiff's signature)*

SUBSCRIBED AND SWORN TO before me this 21 day of February, 2008

My Commission Expires 11-30-2009 Tammy L Bayes 239725
*Notary Public or other person authorized to administer an oath*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KENNETH A. HINTON
Vs. C.A. No. 2008 CA 002347 B
CORRECTIONS CORPORATION OF AMERICA (CCA)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date: March 19, 2008
Initial Conference: 9:30 am, Friday, June 27, 2008
Location: Courtroom 316
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

# Superior Court of the District of Columbia

## CIVIL DIVISION

Kenneth A. Hinton

*Plaintiff(s)*

vs.

Corrections Corporation of America

*Defendant(s)*

Civil Action No. 0000[illegible]-08

FILED
CIVIL ACTIONS BRANCH
MAR. 19 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## ORDER

Upon consideration of Plaintiff's Kenneth A. Hinton motion to proceed *in forma pauperis*, it is this 19th day of March, 20 08,

ORDERED that said motion is

☑ Granted, and the prepayment of court costs is hereby waived.

☐ Denied without prejudice, on the grounds that

It is further ORDERED that

Copies to: Kenneth A. Hinton
Plaintiff, Pro se
P. O. Box 90043
Petersburg, VA 23804
c/o 17746016

R. Walton
JUDGE

CV-626/Nov. 02

**SCR CIV FORM 1-A**
**Notice and Acknowledgment for Service by Mail**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

KENNETH A. HINTON
*Plaintiff*

V.

Civil Action Number 0002347-08

CORRECTIONS CORPORATION OF AMERICA ("CCA")
(Central Treatment Facility *Defendant*

**NOTICE**

To: Name John Caulfield, et al - Warden

Address 1901 E Street S.E.

Washington, D.C. 20003

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) March 20, 2008

[signature] March 20, 2008
*Signature* *Date of Signature*

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) ______________________

*Signature* *Relationship to Defendant/Authority To Receive Service of Process* *Date of Signature*

Form CV(6)-1590/Mar 97

**SCR CIV FORM 1-A**
**Notice and Acknowledgment for Service by Mail**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

KENNETH A. HINTON
*Plaintiff*

v.

Civil Action Number 0002347-08

CORRECTION CORPORATION OF AMERICA ("CCA")
(Central Treatment Facility) *Defendant*

## NOTICE

To: Name CT Corporation System

Address 1015 15th Street, N.W. Suite 1000
Washington, D.C. 20005

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) March 20, 2008

D. Hatfield
*Signature*

March 20, 2008
*Date of Signature*

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) ______________________________

*Signature* | *Relationship to Defendant/Authority To Receive Service of Process* | *Date of Signature*

Form CV(6)-1590/Mar

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kenneth A. Hinton | Corrections Corporation of America, et al. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dist. of Columbia<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)<br>Paul J. Maloney<br>CARR MALONEY, PC<br>1516 L. Street, NW, Suite 500<br>Washington, DC 20036<br>Phone: (202) 310-5500<br>Fax: (202) 310-5555 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. *Antitrust*

- ☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ◉ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G. *Habeas Corpus/ 2255*** <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ **H. *Employment Discrimination*** <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ **I. *FOIA/PRIVACY ACT*** <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ **J. *Student Loan*** <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. *Labor/ERISA (non-employment)*** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ **L. *Other Civil Rights (non-employment)*** <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ **M. *Contract*** <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ **N. *Three-Judge Court*** <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ◉ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff asserts that his civil rights were violated while incarcerated at the Correctional Treatment Facility.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 250,000.00 Check YES only if demanded in compla
**JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

**DATE** 4/16/08 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH A. HINTON
Plaintiff

v. Civil Action No. 08 0667

APR 16 2008

CORRECTION CORPORATION OF AMERICA, ET AL
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge ROBERTS, J. RWR. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By [signature]
Deputy Clerk

cc: KENNETH A. HINTON

929A
Rev. 7/02