**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kenneth A. Hinton,

Plaintiff,

v.

Corrections Corporation of America
[Correctional Treatment Facility
Washington, DC],

and

Corrections Corporation of America
[Company Headquarters
Nashville, TN],

Defendants.

Civil Action No. ________________

**MOTION TO DISMISS OF DEFENDANTS**
**CORRECTIONS CORPORATION OF AMERICA**

Defendants Corrections Corporation of America jointly, through counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) because Plaintiff failed to exhaust all administrative remedies available to him pursuant to 42 U.S.C. § 1997(e). This Motion is supported by the following Memorandum of Points and Authorities, Affidavit of Joyce Allen, and pleadings on file with this Court.

**STATEMENT OF POINTS AND AUTHORITIES**

## I. FACTUAL BACKGROUND

Plaintiff filed a Complaint in the D.C. Superior Court on March 19, 2008. Based on Plaintiff's Constitutional rights violations, Defendants removed on April 16, 2008. Plaintiff's Complaint asserts that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights at the D.C. Correctional Treatment Facility. Specifically, Plaintiff alleged that from May 28, 2007 until June 9, 2007, he was housed in a unit within CTF without

being provided "adequate and sufficient cleaning supplies, disinfectants or sanitation solvents." As a result, Plaintiff alleges that he was "infected and exposed to the 'super bug bacteria' MRSA." Plaintiff also alleges that he had to wait a week to receive treatment to "remove the MRSA" due to the CTF Medical Health Unit not having the required equipment available.[1] Plaintiff further alleges that he was exposed to "unsanitary, unsafe and unreasonable conditions of inadequate sanitation," by which he contacted the MRSA bacteria.

Although Plaintiff did file a total of six grievances for the calendar year 2007 at CTF, none of the grievances addressed the issues raised in Plaintiff's Complaint. Because Plaintiff failed to comply with the CCA/CTF grievance policy, he has failed to properly exhaust the administrative remedies available to him under the Prison Litigation Reform Act ("PLRA"). Accordingly, Plaintiff's Complaint must be dismissed.

## II. PLAINTIFF FAILED TO EXHAUST THE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM AS REQUIRED BY 42 U.S.C § 1997(E)(A).

### A. Plaintiff Must Properly Exhaust All Available Administrative Remedies Prior to Bringing Suit Regarding Any Claim.

The PLRA requires inmates to properly exhaust all administrative remedies before bringing a lawsuit. Pursuant 42 U.S.C. §1997(e)(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes three important interests: "(1) deference to Congress's decision that independent administrative tribunals, not courts, shall serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and, (3) judicial economy by resolving complaints or setting forth findings

---

[1] CCA is not responsible for medical treatment within CTF.

of fact.[2]

These goals "can only be realized if the prison is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."[3]

Inmates are required to exhaust all administrative remedies before filing civil litigation.[4] The exhaustion requirement applies to all inmates' suits about prison life and "are designed to . . . create an incentive for a [inmates] to do what they otherwise would prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly."[5] In addition, a prisoner must exhaust all of his administrative remedies, not just some.[6] Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in Court.[7]

### B. Plaintiff Failed to Properly Exhaust His Administrative Remedies Provided by Defendants.

Plaintiff is and was a "prisoner confined in a jail, prison, or other correctional facility" for all purposes under 42 U.S.C. §1997 at the time he filed his Complaint. Plaintiff was aware of the

---

[2] *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

[3] *Woodford v. Ngo*, 126 S.Ct. 2378, 2388 (2006).

[4] *Porter v. Nussell,* 534 U.S. 516, 524 (2002); *Barnard v. District of Columbia*, 223 F.Supp.2d 211, 212-213 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement only after he has exhausted the prison's administrative remedies."

[5] *Woodford v. Ngo*, 126 S.Ct. at 2385.

[6] *See, e.g. Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the State a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level").

[7] *Jones v. Bock*, 127 S.Ct. 910, 918-919 (2006).

CTF inmate grievance policy, having filed six grievances at the CTF. The CTF procedures state that in order for an inmate to exhaust the administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. The CTF grievance policy at the time of Plaintiff's incarceration contains the following five steps:

> (1) Within seven days of becoming aware of the grieveable incident, the inmate is to attempt informal resolution, and a staff member responds to the informal resolution request. (2) If the inmate is not satisfied with the result, he may, within five days, send a formal grievance to the grievance officer, who responds to the grievance. (3) If the inmate finds the grievance officer's response unsatisfactory, he can appeal to the Warden or the Warden's designee within five days of receipt of the grievance officer's decision and will receive a response from the Warden or Warden's designee. (4) If the inmate finds the Warden's or Warden's designee's response unsatisfactory, he may appeal to the contract monitor and will receive a response. (5) If the inmate finds the contract monitor's response unsatisfactory, he can appeal to the Director of the DC Department of Corrections, who will issue a final response.[8]

### 1. Plaintiff Failed to Exhaust Administrative Remedies With Regard to the Allegations in His Complaint.

Plaintiff's Complaint asserts a Constitutional claim. As a result, Plaintiff is required to exhaust all administrative remedies prior to bringing suit. Otherwise, the court should dismiss those claims for which Plaintiff failed to exhaust administrative remedies.[9] In this case, Plaintiff only submitted grievances complaining of a delay in receiving freshly washed linens, and four separate complaints regarding a delay in receiving prescription eye glasses.[10] At no time did Plaintiff ever submit any grievance regarding the allegations in the Complaint, specifically that he was exposed to unsanitary, unsafe and unreasonable conditions of inadequate sanitation; or

---

[8] *See* Exhibit 1, Affidavit of Joyce Allen, paragraph 8.

[9] *Jones*, 127 S.Ct. at 924 ("If a complaint contains both good and bad claims, the court proceeds with the good and the bad claims are dismissed.") (Citation omitted.)

[10] *See* Exhibit 1, paragraph 13 through 18.

that he was not provided with sanitation supplies, disinfectants or cleaning solvents. Plaintiff also did not file any grievances alleging any delay or inadequate treatment for his MRSA infection.[11]

Since Plaintiff did not even file grievances on any of the allegations within his Complaint, he failed to properly exhaust all administrative remedies available to him. By failing to submit timely grievances regarding these claims, they should be dismissed.

### C. Dismissal with Prejudice is Appropriate for Failure to Exhaust Administrative Remedies.

Unlike stating a claim upon which relief can be granted, Plaintiff cannot now turn back the clock to properly comply with the policies and procedures which govern the proper exhaustion of these administrative remedies. As a result, dismissal with prejudice is warranted.[12] Defendants therefore request that the Plaintiff's Complaint be dismissed with prejudice.

## III. CONCLUSION

Plaintiff has failed to provide the Court with any evidence that he complied with the PLRA exhaustion requirements. In addition, Defendants Corrections Corporation of America have affirmatively demonstrated that Plaintiff failed to properly exhaust available administrative remedies with regard to his allegations of unconstitutional conditions of confinement and inadequate medical treatment. As a result, Plaintiff's Complaint must be dismissed with prejudice.

---

[11] *See* Exhibit 1, paragraph 19.

[12] *Shane v. Fauver*, 213 F.3d 113, 117 (3rd Cir. 2000).

Dated: April 16, 2008

By: [signature]

Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036-5652
Telephone: (202) 310-5500
Facsimile: (202) 310-5555
pjm@carrmaloney.com
mdb@carrmaloney.com

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
Telephone: (602) 263-1700
Facsimile: (602) 263-1784
dstruck@jshfirm.com
jholsman@jshfirm.com

*Attorneys for Defendants Corrections Corporation of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2008, a copy of the foregoing *Motion to Dismiss of Defendants Corrections Corporation of America* was served by First Class U.S. Mail on the following parties:

Kenneth A. Hinton
R17746-016
Petersburg Medium Federal Correctional Institution
Inmate Mail/Parcels
PO Box 90043
Petersburg, VA 23804-9003
*Plaintiff Pro Se*

Daniel P. Struck
Jennifer L. Holsman
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728
*Attorneys for Defendants Corrections Corporation of America*

Paul J. Maloney



1903150.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kenneth A. Hinton<br><br>Plaintiff,<br><br>v.<br><br>Corrections Corporation of America<br><br>Defendant. | Civil Action No. ______ |

## AFFIDAVIT OF JOYCE ALLEN

I, JOYCE ALLEN, being duly sworn according to law, upon my oath, depose and say:

1. I have been employed by Corrections Corporation of American (hereinafter "CCA") since October 2000. I currently am the Facility Grievance Officer at the Correctional Treatment Facility ("CTF") operated by Corrections Corporation of America in Washington, D.C.

2. I have reviewed the allegations contained in Plaintiff's Complaint.

3. I am over the age of 18 and have personal knowledge that the matters in this Affidavit are true and accurate, and submit this Affidavit in support of Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint.

4. As Facility Grievance Officer, I am familiar with the CCA grievance policies and procedures regarding the available administrative remedies for inmates and detainees. My responsibilities include overall coordination of the grievance procedure at CTF, assigning a number to each grievance, coordinating the investigation of grievances

relating to CCA, completing the Grievance Officer's Report utilizing Form 14-5A, and maintaining all grievance records and documents, including the permanent grievance log.

5. With respect to grievances relating to medical and culinary services, which are provided by third parties under contract to the D.C. Department of Corrections other than CCA, I receive the grievances, assign numbers to them, list them in the appropriate medical or culinary grievance log and forward them to the appropriate party for resolution.

6. The inmate grievance procedure contained in CCA Policy 14-5 (attached hereto as Attachment A) was in effect at the time of Kenneth Hinton's incarceration at CTF.

7. Upon an inmate's arrival to the facility, CCA/CTF provides an Inmate Handbook, which contains a summary of the facility grievance policies and procedures. Additionally, inmates have access to the complete grievance policy at each housing unit, the CTF Law Library or through facility staff.

8. In order for an inmate or detainee to exhaust his administrative remedies, he should follow the facility grievance procedures and carry the grievance through to its finish. Prior to pursuing the grievance process, inmates and detainees are encouraged to first submit an Inmate Request Slip or speak with any staff member concerning the issue <u>prior</u> to submitting an Informal Resolution Form. If the complainant is dissatisfied with that the result, only then may the grievance process be initiated. At CTF, the grievance resolution process contains five steps:

a. Inmates must initially submit the Informal Resolution Form to any staff member or Facility Grievance mailbox, within seven (7) days of the alleged incident.

The time for filing begins from the date the problem or incident became known to the inmate or resident. (Step One).

b. If the inmate is dissatisfied with the outcome of the informal resolution, an inmate may submit a formal grievance Inmates must initially send grievances, on the CCA Inmate/Resident Grievance Form, to the Grievance Officer within five (5) days of receipt of a response to their Informal Resolution request. (Step Two).

c. If the inmate finds the response unsatisfactory, he may appeal to the Warden within five (5) days of receipt of the Facility Grievance Officer's decision by completing the Request for Warden/Administrator Review portion of the Grievance Form. (Step Three). If the grievance appeal relates to an medical or culinary issue, it is not responded by the Warden, but is routed to the Contract Monitor for disposition.

d. If the inmate is unsatisfied with the Warden's response, he may appeal to the District of Columbia Department of Corrections' Contract Monitor within five (5) days of receipt of the Warden's response.(Step Four).

e. The inmate may then appeal the Contract Monitor's determination directly to the Director of the District of Columbia Department of Corrections within five (5) days of receipt of the Contract Monitor's decision (Step Five).

9. This five step grievance policy was approved at CTF in March 2007. However, during the implementation period, which includes the period when Inmate Hinton was held at CTF, inmates were only permitted to bypass Step One, the Informal Resolution, if their formal grievance was filed within seven (7) days of when the problem became known to the inmate or resident.

10. If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available. If an inmate or detainee fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.

11. Additionally, the Grievance Policy includes procedures for inmates/residents to file Emergency Grievances. Grievances may be considered Emergency Grievances if the subject matter of the grievance is such that compliance with the regular time guidelines would subject the grievant to risk of personal injury. If the grievant asks that the grievance be considered an emergency and details the basis for needing an immediate response, the Facility Grievance Officer, will, within 24 hours review the grievance to determine if an emergency exists. If an emergency exists, the Facility Grievance Officer will take initial action to resolve the grievance within twenty-four (24) hours of receipt. After initial action has been taken and within seventy-two (72) hours of receipt of the emergency grievance, the Facility Grievance Officer will prepare and issue a written decision to the Grievant.

12. I have reviewed the grievance log for calendar year 2007 and identified a total of six grievances filed by Inmate Hinton. None of those grievances, however, address any of the issues raised in Plaintiff's Complaint.

13. On May 7, 2007, Inmate Hinton submitted Grievance 07-718 complaining that during a six day period, between April 29th and May 4th, while a resident of the D1A housing unit, he did not receive a set of freshly washed linens. Inmate Hinton requested that he be provided with two washed sheets ASAP. Mr. Lewis informally resolved the grievance and arranged for laundry to be done. When I advised Inmate Hinton that this

issue had been resolved on May 16, 2007, Inmate Hinton refused to acknowledge receipt of my decision. A true copy of Grievance 07-718 is Attachment B hereto.

14. On May 14, 2007, Inmate Hinton submitted Medical Grievance 07-295 complaining that had not yet received prescription eyeglasses, despite being seen by the ophthalmologist at least six months prior. Inmate Hinton requested immediate delivery of prescribed eyeglasses. The grievance was sustained on May 18, 2006 by the Medical Grievance Officer and Inmate Hinton was scheduled for another appointment with the ophthalmologist to be fitted for prescription eyeglasses. Inmate Hinton did not appeal this decision. A true copy of Medical Grievance 07-295 is Attachment C hereto.

15. On May 21, 2007, Inmate Hinton submitted Medical Grievance 07-299 complaining again that he had not received his prescription eyeglasses. The Medical Grievance Officer, on May 25, 2007 reported that Inmate Hinton had been scheduled to be seen by the ophthalmologist to be refitted for eyeglasses and that the glasses would then take 4-6 weeks to be delivered. A true copy of Medical Grievance 07-299 is Attachment D hereto.

16. On June 25, 2007, Inmate Hinton submitted Medical Grievance 07-332 complaining for a third time that he still had not received his prescription eyeglasses. The Medical Grievance Officer, on June 28, 2007, reported that Inmate Hinton was seen by the ophthalmologist on June 4, 2007, and that the eyeglasses have been reordered. A true copy of Medical Grievance 07-332 is Attachment E hereto.

17. On July 12, 2007 Inmate Hinton submitted Medical Grievance 07-348 complaining that he had waited "well over four weeks" since seeing the ophthalmologist on June 4, 2007, and still has not received his prescription eyeglasses. The Medical Grievance

Officer, on July 17, 2007, reported that Inmate Hinton had been re-examined by the ophthalmologist on July 9, 2007 and that the glasses would be delivered in approximately 4-8 weeks. A true copy of Medical Grievance 07-348 is Attachment F hereto.

18. On August 2, 2007, Inmate Hinton submitted Medical Grievance 07-350 complaining for a fifth time, that still had not received his prescription eyeglasses. The Medical Grievance Officer, on August 10, 2007, reported that Inmate Hinton signed a receipt of his eyeglasses on August 6, 2007. A true copy of Medical Grievance 07-350 is Attachment G hereto.

19. There is no record that Inmate Hinton did, at any time, submit any grievance regarding his allegations in the Complaint, that beginning on or about May 25, 2007, he was exposed to unsanitary, unsafe and unreasonable conditions of inadequate sanitation, that he was not provided sanitation supplies, or, that he received delayed or inadequate treatment for his MRSA infection at CTF.

20. I hereby attest that Inmate Hinton failed to properly exhaust the administrative remedies available to him for the allegations contained in his Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

Joyce Allen



1003816.1

WASHINGTON )
) ss.
DISTRICT OF COLUMBIA )

SUBSCRIBED AND SWORN before me this ____ day of March, 2008, by Joyce Allen.

Shame'Ka C. Bivens
Notary Public

My Commission Expires:

4/15/08

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30 2011

# ATTACHMENT A

| | |
|---|---|
| CHAPTER 14: | INMATE/RESIDENT RIGHTS |
| SUBJECT: | INMATE/RESIDENT GRIEVANCE PROCEDURES |
| SUPERSEDES: | JULY 15, 2000 |
| EFFECTIVE DATE: | DECEMBER 1, 2002 |
| FACILITY: | CORRECTIONAL TREATMENT FACILITY |
| FACILITY SUPERSEDES: | APRIL 26, 2005 |
| FACILITY EFFECTIVE DATE: | DECEMBER 11, 2006 |

APPROVED: SIGNATURE ON FILE AT CORPORATE OFFICE
JIMMY TURNER
VICE PRESIDENT, OPERATIONS

APPROVED: SIGNATURE ON FILE AT CORPORATE OFFICE
G. A. PURYEAR
EXECUTIVE VICE PRESIDENT/ GENERAL COUNSEL

---

**14-5.1 PURPOSE:**

To establish procedures for inmates/residents to formally file complaints about facility conditions, treatment, policies, and procedures. To provide that such complaints are reviewed in a fair and expeditious manner and resolved in the best interest of both the inmate/resident and the facility.

**14-5.2 AUTHORITY:**

Corporate and Facility Policy and Contract.

**14-5.3 DEFINITIONS:**

A. Emergency Grievance - A grievance, the resolution of which, if subject to the normal time limits, would subject the grievant to a substantial risk of personal injury or irreparable harm.

B. Facility Grievance Officer – Facility staff member responsible for tracking, coordinating grievance investigations and answering grievances.

C. Grievance - A written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate/resident by staff or other inmates, or any condition or incident within the department or institution which personally affects the inmate/resident.

D. Grievant - The inmate/resident who filed the formal complaint

E. Informal Resolution - An attempt to address concerns through discussion with appropriate staff.

F. Inmate/Resident - Any adult or juvenile, male or female housed in a CCA facility. Inmates/residents may also be referred to as detainees, prisoners or offenders depending on classification and in accordance with facility management contracts.

G. Reasonable Suspicion - A suspicion which is based upon documentable, articulable facts which, together with the employee's knowledge and experience, lead him/her to believe that an unauthorized situation or violation of rules exists.

H. Reprisal - Any action or threat of action against anyone for the good faith use of or good faith participation in the grievance procedure.

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

**14-5.4 POLICY:**

Whenever possible, inmate/resident complaints and grievances should be resolved on an informal basis without the filing of a formal grievance. Many matters can and should be resolved directly and promptly between the inmate/resident and institutional staff without the necessity of filing a formal grievance. It is extremely important that institutional counseling staff take an active role in resolving as many complaints as possible prior to the filing of a grievance.

However, all inmates/residents will have access to formal grievance procedures any time the informal process has not provided successful resolution of the complaint.

Inmates/residents shall not be subject to retaliation, reprisal, harassment, or discipline for use or participation in the grievance procedure. Any allegations of this nature will be thoroughly investigated by the Warden/Administrator and reviewed by the appropriate Senior Divisional Director. The Senior Divisional Director will notify the Vice President, Operations of any allegations that are found to be credible.

**14-5.5 PROCEDURES:**

A. INFORMAL RESOLUTIONS

All facilities will have an informal resolution process in place. Inmates/residents are required to utilize the informal resolution process concerning questions, disputes or complaints prior to the submission of a formal grievance. If an inmate/resident does not receive resolution in the informal process, he/she may file a grievance and must document on the grievance that informal resolution was attempted.

**AT THIS FACILITY, THE INFORMAL RESOLUTION PROCESS IS AS FOLLOWS:**

**The inmate is encouraged to fill out an Inmate Request Slip or speak with any staff member concerning an issue that they may have, prior to submitting a grievance. Grievances will still be processed if the informal resolution has not been used.**

B. GRIEVABLE MATTERS

The following matters are grievable through this grievance procedure by inmates/residents:

1. Application of policies, rules, and procedures towards inmates/residents over which CCA has control;
2. Individual staff and inmate/resident actions, including any denial of access of the grievance procedure;
3. Reprisals against inmates/residents for utilizing the Inmate/Resident Grievance Procedures;
4. The loss of property legitimately possessed by an inmate/resident only after the procedures outlined in CCA Corporate and Facility Policy 14-6 have been completed; and
5. Any other matter relating to the conditions of care and supervision within the authority of CCA, except as noted below.

C. NON-GRIEVABLE MATTERS

The following matters are not grievable by inmates/residents through these grievance procedures:

1. State and Federal court decisions;
2. State and Federal laws and regulations;
3. Final decisions on grievances;

**Proprietary Information - Not for Distribution - Copyrighted Property of Correction Corporation of America**

4. Contracting agency (BOP, INS, state department of corrections, etc.) policies, procedures, decisions or matters (i.e., institutional transfers, parole and probation decisions, etc.); or

5. Disciplinary hearings or appeals (Disciplinary actions must follow the procedure outlined in CCA Corporate and Facility Policy 15-2).

D. GRIEVANCE AVAILABLE REGARDLESS OF CLASSIFICATION

Any inmate/resident confined to a CCA managed facility can invoke the grievance procedure regardless of disciplinary, classification, or other administrative decision to which the inmate/resident may be subject.

E. NO GRIEVANCES TO BE SUBMITTED ON BEHALF OF ANOTHER

An inmate/resident may not submit a grievance on behalf of another inmate/resident; however, assistance from a staff member or inmate/resident may be provided when necessary to communicate the problem on the grievance form.

F. MULTIPLE GRIEVANCES

1. Inmates/residents will be limited to two (2) pending non-emergency grievances at any given time.

2. If an inmate/resident files a grievance when he/she has two (2) other active grievances pending, it will be logged and held by the Facility Grievance Officer until one of the previously submitted grievances has been completed.

3. Grievances will be handled in the order they are received.

4. The time guidelines below do not apply to those grievances held in suspended status.

5. A grievance which is alleged by an inmate/resident to be an emergency will be reviewed by the Facility Grievance Officer. If the Facility Grievance Officer determines that the grievance is not an emergency, it will be treated as an ordinary grievance and will count against this limit of two (2) pending grievances.

G. TIME GUIDELINES

1. The total time for the grievance process will be no more than ninety (90) days from filing to a final appeal decision, unless unusual circumstances are present.

   a. The inmate/resident must file the grievance within seven (7) days of the alleged incident.

      The time for filing begins from the date the problem or incident became known to the inmate/resident.

   b. The Facility Grievance Officer will, within fifteen (15) days of receipt of an inmate/resident grievance, conduct an investigation of the grievance and render a decision.

   c. The inmate/resident is to submit any appeal to the Warden/Administrator or designee within five (5) days of receiving the decision from the Grievance Officer.

   d. The Warden/Administrator will render a written decision on the grievance appeal within fifteen (15) days of receipt from the inmate/resident.

   e. **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE:**

      **Grievances regarding sexual misconduct, abuse or harassment will be immediately forwarded to the Warden for further investigation and reporting purposes.**

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

2. Upon notice to the grievant, the time limitations may be extended to allow for a more complete investigation of the claims. Justification for the extension must be provided to the grievant on Form 14-6B, Grievance Extension Notice.

3. At all stages of the grievance process, upon receipt of the grievance, the grievance will be date stamped.

H. EMERGENCY GRIEVANCE PROCEDURE

1. If the subject matter of the grievance is such that compliance with the regular time guidelines would subject the grievant to risk of personal injury, the grievant may ask that the grievance be considered an emergency and detail the basis for a need of immediate response.

2. If the Facility Grievance Officer, after reviewing the basis for the grievance being designated an emergency, determines that an emergency does exist, action shall be taken to resolve the grievance within twenty-four (24) hours of receipt of the grievance.

3. After the initial action, and within seventy-two (72) hours of receipt of the grievance, the Facility Grievance Officer will prepare and give a written decision to the grievant.

4. If the grievant appeals the decision, the Warden/Administrator or designee will respond with a written decision within five (5) days.

I. FILING THE GRIEVANCE

1. In filing a grievance, the inmate/resident must complete the Inmate/Resident Grievance Form (Form 14-5A) and place it in the Grievance Mail Box, or, if a Grievance Mail Box is not used, forward it to the Facility Grievance Officer.

   The Facility Grievance Officer will check the Grievance Mail Boxes daily, except for weekends and holidays. If a mailbox is not used, grievances are to be forwarded daily to the Facility Grievance Officer.

   **AT THIS FACILITY, THE PROCEDURE FOR FORWARDING THE GRIEVANCE TO THE GRIEVANCE OFFICER IS AS FOLLOWS:**

   a. **The inmate grievance form is a three (3) part form; the last page of the form is the inmates copy upon the initial filing of the grievance. The inmate may submit grievances by placing them in the designated grievance box.**

   b. **The Facility Grievance Officer, or a supervisor designated by the Warden, will check the grievance boxes daily except for weekend and holidays.**

2. Grievances are considered special correspondence. If a sealed envelope is labeled "Grievance" and addressed to the Facility Grievance Officer, it will not be opened for inspection unless there is reasonable suspicion to believe the sealed envelope contains contraband. If reasonable suspicion exists and the Warden/Administrator or designee's approval is obtained, the envelope may be opened and inspected only for contraband.

3. If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will normally continue. It is the grievant's responsibility to notify the Facility Grievance Officer of the pending release and to provide a forwarding address and any other pertinent information.

4. **AT THIS FACILITY, PROCEDURES FOR FILING A GRIEVANCE AGAINST THE CONTRACTING AGENCY ARE AS FOLLOWS:**

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

**In accordance with DC DOC Program Statement 4030.1.E Inmate Grievance.**

J. FACILITY GRIEVANCE OFFICER

The Warden/Administrator is to designate an individual or individuals as Facility Grievance Officer(s) whose responsibilities will include the following:

1. overall coordination of the grievance procedure,
2. see that informal resolution has been attempted,
3. assign a number to the grievance and maintain a permanent grievance log,
4. coordinate the timely investigation of grievances,
5. prepare written decisions on grievance matters utilizing Form 14-5A
6. ensure that when a grievance decision specifies that an action is to be taken, that a date is included for completing the action,
7. provide a copy of the completed Form 14-5A to the grievant and have him/her sign it upon receipt,
8. follow-up that all remedies/ required actions are fulfilled by the imposed deadline, and
9. maintain all grievance records and documents as outlined in 14-5.5.M.

K. GRIEVANCE REMEDIES

The grievance procedure is to afford the grievant a meaningful remedy. Remedies shall cover a broad range of reasonable and effective resolutions. Remedies include the following:

1. Replacement - Restoration of property by substituting a similar or like item. This will normally be ordered before monetary reimbursement is given. Replacement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.
2. Reimbursement - Money will be given for items lost or destroyed. The value to be reimbursed will be determined by the Warden/Administrator. Reimbursement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.
3. Change of procedures or practices appropriately related to the complaint or conditions;
4. Correction of records; or
5. Other remedies, as appropriate

L. APPEAL

1. If a grievant is not satisfied with the decision of the Facility Grievance Officer, the grievant may appeal to the Warden/Administrator or designee by completing the Request for Warden/Administrator Review portion of the grievance form and submitting this form to the Warden/Administrator. The Warden/Administrator or designee's decision is final unless otherwise specified in the facility management contract.

**AT THIS FACILITY, ADDITIONAL APPEAL PROCEDURES ARE AS FOLLOWS:**

i. **If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Contract Monitor within five (5) days of receipt of the Warden's decision.**

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

ii. **If the inmate is not satisfied with the Contract Monitor's response, the inmate may appeal to the Director DC Department of Corrections within five (5) days of receipt of the Contract Monitor's decision.**

iii. **All appeals must have the original grievance and response attached when filed.**

iv. **The Grievance Officer will log all appeals and forward the appeal, along with any supporting documentation, to the appropriate level of appeal office in accordance with Department Order 4030.1D.**

2. The Warden/Administrator or designee will review the issue of the grievance and the decision to determine if the grievance has been appropriately addressed. The Warden/Administrator can obtain and review any information necessary to render a decision as to the appeal.

3. A copy of the completed grievance form will be returned to the Facility Grievance Officer who will forward a copy to the inmate/resident.

4. Barring extraordinary circumstances, a grievance will be considered settled if the decision at any step is not appealed by the inmate/resident within the given time limit.

5. Grievances which are prematurely appealed to the Warden/Administrator or designee will be returned without review.

M. RECORDS

1. Records regarding the filing and disposition of grievances shall be collected and maintained systematically by the Facility Grievance Officer through either hard copy or computerized form. The record shall include a log showing the following:

   a. grievance number;

   b. date of receipt;

   c. name of grievant;

   d. subject of grievance;

   e. disposition date;

   f. brief description of the disposition; and

   g. appeal results, if any.

   This log will be forwarded to the Corporate Quality Assurance Department on a monthly basis.

2. Record Retention. Records will be retained according to CCA Corporate and Facility Policy 1-15.

3. Record Location. No copies of grievances shall be placed in an inmate/resident's file.

4. Confidentiality. Records regarding the participation of an individual in the grievance procedures will not be available to employees or inmates/residents, except for clerical processing of records by CCA. Employees participating in the disposition of a grievance shall have access to records essential to the resolution of the grievance.

N. DISTRIBUTION AND TRAINING

A copy of this Policy and Procedure will be available to each staff member currently employed and for each inmate/resident currently housed at the facility. All new staff will receive a presentation on this Policy and Procedure during pre-service training. New inmates/residents will be informed of the grievance procedure upon entry to the facility and a copy will be

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

available in the inmate/resident handbook or library. If there is difficulty in understanding the procedure, every effort shall be made to explain the policy and procedure on an individual basis.

O. **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE AS FOLLOWS:**

**A copy of the Grievance Log will be provided to the Contract Monitor on a monthly basis.**

**14-5.6 REVIEW:**

The General Counsel and the Vice President, Operations will review this policy on an annual basis.

**14-5.7 APPLICABILITY:**

All CCA facilities except those facilities that are required to follow the Contracting Agency's grievance policy

**14-5.8 ATTACHMENTS:**

1. Form 14-5A - Inmate/Resident Grievance Form
2. Form 14-5B – Grievance Extension Notice
3. Other Forms for this facility are as follows:

NONE

**14-5.9 REFERENCES:**

ACA Standards. The ACA Standards for this facility are:

________________________________________

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

# ATTACHMENT B

Grievance No.: 118

Form 14-5A - For Official Use Only

**CCA INMATE/RESIDENT GRIEVANCE FORM**
**(FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA)**

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: D1A 10

INFORMAL RESOLUTION ATTEMPTED? Yes ✓ No

*(LA RESOLUCION INFORMAL INTENTO?) Si* No

NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN COTACTO)* Laundry officer

**STATE GRIEVANCE *(EL AGRAVIO ESTATAL)*** (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary)

I have been at CCA/CTF on unit D1A since April 29, 2007 without the benefit of the CCA/CTF Laundry Services providing laundry of my bed sheets. Pursuant to the CCA/CTF handbook, page 12 states units have washers and dryers for washing uniforms, undergarment etc. I Request (2) laundry/washed sheets, ASAP.

**Requested action *(Accion Solicitada)*:**

Be provided (2) washed sheets, ASAP so that I can maintain safe sanitation and proper laundry of sheets.

Inmate/Resident's Signature: [signature] Date Submitted: 5/4/07

*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT *(EL INFORME DEL OFICIAL DE AGRAVIO)***

THE REASON INMATE HINTON LAUNDRY HAS NOT BEEN TAKEN CARE OF IS THE LAUNDRY OFFICER WAS OUT SICK. THE OFFICER IS BACK AND D1A LAUNDRY WITH BE DONE ON TIME. (LEWIS)
I WILL HAVE A NEW SCHEDULE SENT TO UNIT. (LEWIS)
INMATE HINTON WOULD LIKE TO APPEAL RESOLUTION.

**GRIEVANCE OFFICER'S DECISION *(LA DECISION DEL OFICIAL DE AGRAVIO)***

Resolved by Mr. Lewis.

Grievance Officer's Signature: J. Allen Date: 5/16/07

Inmate/Resident's Signature (upon receipt): Refused to sign Date: 5/16/07

*Firma de Presidiario/Residente (sobre recibo)*: *Fecha*:

APPEAL *(PETICION)*: Yes *Si* ✓ No

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

**WARDEN/ADMINISTRATOR'S RESPONSE *(RESPUETA DE GUARDIAN/ADMINISTRADOR)***

Appeal denied - issue resolved.

Warden/Administrator's Signature: [signature] Date: 5/21/07

Inmate/Resident's Signature (upon receipt): Refused to sign Date: 5/21/07

*Firma de Presidiario/Residente (sobre recibo)* *Fecha*:

WITNESS: C/O Shari Hewitt

Revised 02/01/02

# ATTACHMENT C

Grievance No.: 8410   2-B   Form 14-5A - For Official Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM
## *FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA*

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A. (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: D1A / cell 3

INFORMAL RESOLUTION ATTEMPTED? Yes YES No

*(LA RESOLUCION INFORMAL INTENTO?) Si* No

NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN COTACTO)* Ms Jenkins

**STATE GRIEVANCE *(EL AGRAVIO ESTATAL)* (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject - attach additional pages if necessary)**

Back in October and November of 2006 my eyes were examined by the CCA/CTF ophthalmologist contracted to provide eye examinations to inmates at CCA/CTF. The ophthalmologist determined that I needed prescription eyeglasses and I was fitted for eyeglasses to be delivered to me at CCA/CTF. As of 5/14/07 I have not received my eyeglasses, well beyond 6 months since I was examined by the ophthalmologist.

**Requested Action *(Acción Solicitada)*:**

Immediate and prompt delivery of the prescribed eyeglasses for which was recommended for me to receive.

Inmate/Resident's Signature: [signature] Date Submitted: 5/14/07

*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT *(EL INFORME DEL OFICIAL DE AGRAVIO)***

Pt was seen by optho in Nov 06 - Medical record notes that he was fitted at that time. Director of Nursing was contacted to check incoming eyeglasses. She stated that since Nov/Dec timeframe - the organization contracted to provide glasses has changed because of our experience with delayed glasses.

**GRIEVANCE OFFICER'S DECISION *(LA DECISION DEL OFICIAL DE AGRAVIO)***

The patient has been scheduled within the month to see ophthalmology again to be re-fitted.

Sustained

Grievance Officer's Signature: [signature] Date: 5/18/07

Inmate/Resident's Signature (upon receipt): Refuse to sign Date: 5/18/07

*Firma de Presidiario/Residente (sobre recibo)*: [signature] *Fecha:*

APPEAL *(PETICION)*: Yes *Si* ____ No ____

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

**WARDEN/ADMINISTRATOR'S RESPONSE *(RESPUETA DE GUARDIAN/ADMINISTRADOR)***

Warden/Administrator's Signature: Date:

Inmate/Resident's Signature (upon receipt): Date:

*Firma de Presidiario/Residente (sobre recibo)* *Fecha:*

Revised 02/01/02

CC: J. Rudasill, Esq

# ATTACHMENT D

Grievance No.: 3919 Form 14-5A - For Official Use Only

# CCA INMATE/RESIDENT GRIEVANCE FORM
# *FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA*

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A. (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: C2B/Cell 24

INFORMAL RESOLUTION ATTEMPTED? Yes ✓ No

*(LA RESOLUCION INFORMAL INTENTO?) Si* No

NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN COTACTO)* Ms Jenkins, Mr. Fulton, Mr. Caulfield

**STATE GRIEVANCE** *(EL AGRAVIO ESTATAL)* (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary.)

Back in October And November of 2006 my eyes were examined by the opthalmologist who was contracted to provide such eye examine by CCA/CTF. It was determined And Recommended ~~that~~ I Receive prescription eyeglasses, for which I was also fitted for. As of today 5/20/07 I have not Received delivery of my eyeglasses for which I now need.

**Requested Action** *(Accion Solicitada)*

Immediate And prompt delivery of the prescription eyeglasses for which was Recommended for me to have.

Inmate/Resident's Signature: [signature] Date Submitted: 5/20/07

*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT** *(EL INFORME DEL OFICIAL DE AGRAVIO)*

This grievance was answered last week. Pt has an appt already scheduled with ophthalmology within a month's time to be refitted by ophtho. Ordered glasses then typically take 4-6 weeks to arrive from the manufacturer

**GRIEVANCE OFFICER'S DECISION** *(LA DECISION DEL OFICIAL DE AGRAVIO)*

Grievance Officer's Signature: [signature] Date: 5.25.07

Inmate/Resident's Signature (upon receipt): Refuse to sign [signature] Date:

*Firma de Presidiario/Residente (sobre recibo)* Fecha: 5/25/07

APPEAL *(PETICION)*: Yes *Si* No

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

**WARDEN/ADMINISTRATOR'S RESPONSE** *(RESPUETA DE GUARDUAN/ADMINISTRADOR)*

Warden/Administrator's Signature: Date:

Inmate/Resident's Signature (upon receipt): Date:

*Firma de Presidiario/Residente (sobre recibo)* Fecha:

Revised 02/01/02

cc: J. Rudasill, Esq.

# ATTACHMENT E

Grievance No.: 552 553 Form 14-5A - For Official Use Only

# CCA INMATE/RESIDENT GRIEVANCE FORM
## FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: C2B/cell 24

INFORMAL RESOLUTION ATTEMPTED? Yes ✓ No

*(LA RESOLUCION INFORMAL INTENTO?) Si* *No* JUN 25 AM 10:55

NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN COTACTO)*

**STATE GRIEVANCE** *(EL AGRAVIO ESTATAL)* (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary.)

I Request the prompt delivery of the eyeglasses prescribed to me pursuant to the eye exam I Received in November 2006 for which I was also fitted for such eyeglasses. I NEED Those prescribed eyeglasses! ASAP

**Requested Action** *(Accion Solicitada)*

Inmate/Resident's Signature: [signature] Date Submitted: 6/20/07

*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT** *(EL INFORME DEL OFICIAL DE AGRAVIO)*

The patient is requesting his prescribed. Eyeglasses. He says he was examined and fitted in November 2006

**GRIEVANCE OFFICER'S DECISION** *(LA DECISION DEL OFICIAL DE AGRAVIO)*

Review of Patient medical record patient was seen by DR. Boschulte 6/4/07 his Eyeglasses were reorded. This may take 3-4 weeks before they come in.

Grievance Officer's Signature: [signature] Date: 6/28/07

Inmate/Resident's Signature (upon receipt): [signature] Date: 7/11/07

*Firma de Presidiario/Residente (sobre recibo)*: Fecha:

· Miller 1907

APPEAL *(PETICION)*: Yes *Si* ✓ No

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

As of 7/11/07 patient was still not Received his prescribed eyeglasses pursuant to the 11/15/06 eye examine or the 6/4/07 eye exam. Patient request immediate delivery of prescribed eyeglasses, ASAP!

**WARDEN/ADMINISTRATOR'S RESPONSE** *(RESPUESTA DE GUARDIAN/ADMINISTRADOR)*

Warden/Administrator's Signature: Date:

Inmate/Resident's Signature (upon receipt): Date:

*Firma de Presidiario/Residente (sobre recibo)* *Fecha:*

Revised 02/01/02

# ATTACHMENT F

Grievance No.: 348 Warden Responded In Error

Form 14-5A - For Official Use Only

# CCA INMATE/RESIDENT GRIEVANCE FORM
# FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: C2B / cell 24

JUL 12 PM 3:24

INFORMAL RESOLUTION ATTEMPTED? Yes ✓ No

*(LA RESOLUCION INFORMAL INTENTO?) Si* No

NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN COTACTO)* Dr. Borchert

**STATE GRIEVANCE** *(EL AGRAVIO ESTATAL)* (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary)

On 6/4/07 I was examined and fitted to receive prescription eyeglasses pursuant to the recommendation and medical order of the CCA/CTF ophthalmologist hired by CCA/CTF to provide such eye exam services. As of 7/12/07 I have not received my prescribed eyeglasses for which I need. It has been well over 4 weeks and I request delivery of my eyeglasses

**Requested Action** *(Accion Solicitada)*

Prompt delivery of prescribed eyeglasses per my 6/4/07 eye exam

Inmate/Resident's Signature: [signature] Date Submitted: 7/12/07

*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT** *(EL INFORME DEL OFICIAL DE AGRAVIO)*

Patient want his glasses that were ordered for him.

**GRIEVANCE OFFICER'S DECISION** *(LA DECISION DEL OFICIAL DE AGRAVIO)*

Review of patients medical record He saw ophthalmology first on 6/4/07 Dr Boschulte and was Examined the second Time he seen her was 7/9/07. It takes between 4 → 8. Appox Time for delivery of glasses as told [illegible]

Grievance Officer's Signature: [signature] Date: 7/17/07

Inmate/Resident's Signature (upon receipt): [signature] Date: 7/26/07

*Firma de Presidiario/Residente (sobre recibo)*: Fecha:

APPEAL *(PETICION)*: Yes *Si* ✓ No

Note: Referred to Contract Monitor 8/1/07

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

Inmate Request the delivery of eyeglasses pursuant to his 11/15/06 eye exam that Dr. Barry also gave him per CCA/CTF policy for such medical services.

8/1/07 DM

**WARDEN/ADMINISTRATOR'S RESPONSE** *(RESPUETA DE GUARDIAN/ADMINISTRADOR)*

Appeal denied. You have not given sufficient time for delivery.

Warden/Administrator's Signature: [signature] Date: 7/31/07

Inmate/Resident's Signature (upon receipt): X Date:

*Firma de Presidiario/Residente (sobre recibo)* Fecha:

Revised 02/01/02

CC: J Rudasill, CSO; Judge R M. Urbina USDC

# ATTACHMENT G

Grievance No.: ______ Form 14-5A For Official Use Only

# CCA INMATE/RESIDENT GRIEVANCE FORM
## *FORMA DE AGRAVIO DE PRESIDIARIO/RESIDENTE DE CCA*

Name, *Nombre* (Print): HINTON (Last Name) KENNETH (First) A (Middle Initial)

Number *(Numero)*: 261-079 Housing Assignment *(Alojamiento de Asignacion)*: C2B/cell 24

INFORMAL RESOLUTION ATTEMPTED? Yes On numerous occassions No ______ AUG 2 PM 3:59
*(LA RESOLUCION INFORMAL INTENTO?) Si* Since 11/15/06, 4/21/07, 5/24/07, 6/28/07, 7/23/07 *No*
NAME OF STAFF CONTACTED *(NOMBRE DE PERSONAL SE PUSO EN CONTACTO)* J. Caulfield, W. Fulton, D. Miller

**STATE GRIEVANCE** *(EL AGRAVIO ESTATAL)* (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary.)

On June 4, 2007 I Received an eye exam and was fitted for prescription eyeglasses as ordered and recommended by the CCA/CTF contract opthalmologists. Dr Barry and Dr Bevilacqua. I was informed I would receive my eyeglasses within 3 to 4 weeks by Dr. Barry per my 11/15/06 eye exam and within 2 to 4 weeks per my 6/4/07 eye exam. My informal complaint has not been adequately addressed per CCA/CTF policy.

**Requested Action** *(Accion Solicitada)*

Immediate delivery of my prescribed eyeglasses for which I was fitted for on 11/15/06 and again fitted for on 6/4/07

Inmate/Resident's Signature: [signature] Date Submitted: 7/30/07
*(Firma de Presidiario/Residente)* *(Fecha Presentada)*:

**GRIEVANCE OFFICER'S REPORT** *(EL INFORME DEL OFICIAL DE AGRAVIO)*

Patient wants his prescription eyeglasses delivered to him and he thinks his complaint has NOT been adequately addressed.

**GRIEVANCE OFFICER'S DECISION** *(LA DECISION DE OFICIAL DE AGRAVIO)*

Talking to head nurse, pt ... for his eyeglasses on 8/6/07. If patient have any more problems he should submit a sick call slip so it may be evaluated by practitioner ... [illegible]

Grievance Officer's Signature: [signature] Date: 8/10/07
Inmate/Resident's Signature (upon receipt): [signature] Date: 8/16/07
*Firma de Presidiario/Residente (sobre recibo)*: *Fecha*:

APPEAL *(PETICION)*: Yes *Si* ✓ No ______

STATE REASON (S) FOR APPEAL *(RAZONESTATAL DE PETICIO)*:

Eyeglasses that inmate Received is the wrong prescription per eye exam with Dr. Barry on 11/15/06

**WARDEN/ADMINISTRATOR'S RESPONSE** *(RESPUETA DE GUARDUAN/ADMINISTRADOR)*

Warden/Administrator's Signature: ______ Date: ______
Inmate/Resident's Signature (upon receipt): ______ Date: ______
*Firma de Presidiario/Residente (sobre recibo)* ______ *Fecha*: ______

Revised 02/01/02

CC: J. Rudasill, ESQ Judge R.M. Urbina, USDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kenneth A. Hinton,<br><br>Plaintiff,<br><br>v.<br><br>Corrections Corporation of America<br>[Correctional Treatment Facility<br>Washington, DC],<br><br>and<br><br>Corrections Corporation of America<br>[Company Headquarters<br>Nashville, TN],<br><br>Defendants. | Civil Action No. ________________ |

**ORDER TO DISMISS WITH PREJUDICE**

UPON motion of Defendants Corrections Corporation of America to dismiss Plaintiff's Complaint and for good cause shown, it is this ___ day of ______________, 2008, **ORDERED** that Defendants' motion be granted and further ordered that all claims against Defendants Corrections Corporation of America be dismissed with prejudice.

Date:

______________________________________
The Honorable

Copies to:

Kenneth A. Hinton
R17746-016
Petersburg Medium Federal Correctional Institution
Inmate Mail/Parcels
PO Box 90043
Petersburg, VA 23804-9003

Paul J. Maloney
Mariana Bravo
CARR MALONEY P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036-5652

Daniel P. Struck
Jennifer L. Holsman
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012-2728